# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

| | |
|---|---|
| ROBERT HOPPLE, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   Cause No. 4:20-cv-01838-RWS |
| | ) |
| ST. FRANCOIS COUNTY, | ) |
| MISSOURI, et al., | ) |
| | ) |
|    Defendants. | ) |

## JOINT PROPOSED SCHEDULING PLAN

COME NOW Plaintiffs and Defendant, by and through counsel, and pursuant to Fed. R. Civ. P. 16 and 26(f), submit to the Court the following Joint Proposed Scheduling Plan:

(a) The parties agree that **Track 3: Complex** would be appropriate in this cause.

(b) Dates for joinder of additional parties or amendment of pleadings: **June 4, 2021**.

(c) A discovery plan including:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information: **The parties stipulate that any electronically stored information may be produced in either its native form or in portable document format (PDF), which the parties stipulate shall constitute a reasonably usable form.  The parties also stipulate that information that is kept in the normal course of business in a physical, non-electronic form (including physical documents originally generated electronically and then printed and kept in physical form), may be produced in its physical form and need not be produced in more than one form.  The parties reserve**

**the right to propose additional stipulations and/or protocols concerning the production of electronically stored information. Plaintiffs would like to establish protocols concerning metadata, search terms, custodians of documents, privilege logs, and database production, as necessary, as discovery is ongoing. Defendants oppose.**

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production:  **The parties will stipulate to an Order under Federal Rule of Evidence 502(d).**

(iii) date by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1), Fed. R. Civ. P.:  **Initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P. provided by May 21, 2021**.

(iv) whether discovery should be conducted in phases or limited to certain issues:  **Discovery should not be conducted in phases or limited**.

(v) dates by which the parties shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witness available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case:

> **The parties stipulate to the following sequence of expert witness disclosure:**
>
> > **Plaintiff's experts:    Disclose by December 3, 2021**
> > **and available for depositions through January 21, 2022;**
>
> > **Defendant's experts:    Disclose by March 7, 2022**
> > **and available for depositions through April 8, 2022.**
>
> > **Plaintiff's rebuttal experts (if any): Disclose by May 8, 2022 and**
> > **available for depositions through June 8, 2022.**

(vi) whether the presumptive limits of ten (10) depositions per side, as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party, as set

forth in Rule 33(a), Fed. R. Civ. P. should apply in this case, and if not, the reasons for the variance from the rules:

**At this time, the only variance the parties anticipate may be the need for additional depositions beyond the presumptive limits, as there are presently 3 named plaintiffs and multiple county government departments and a third-party vendor involved in the alleged conduct, and it may be necessary to depose others in addition to the parties. As discovery progresses, and should discovery reveal the need, the party seeking to exceed either/both of these limits will seek consent of the opposing counsel, and if such consent cannot be obtained shall file a motion with the Court requesting leave for same in advance of conducting additional discovery beyond these limits.**

(vii)   whether any physical or mental examinations of parties will be requested pursuant to Rule 35, Fed. R. Civ. P., and if so, by what date that request will be made, and the date the report will be filed:  **Any request will be made by December 17, 2021 with the examination report to be filed by February 4, 2022 or as soon thereafter as possible.**

(viii)   date by which all discovery will be completed: **July 15, 2022**.

(ix)   any other matters pertinent to the completion of discovery in this case:

**None at this time.**

(d)   The parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive:  No later than 14 days following the Court's ruling on any motion for class certification, the parties shall file a joint proposed schedule for the remainder of the action which shall include proposed dates for referral of this action to mediation.

(e)   No later than 14 days following the Court's ruling on any motion for class certification, the parties shall file a joint proposed schedule for the remainder of the action which shall include proposed dates for the filing of dispositive motions.

(f) No later than 14 days following the Court's ruling on any motion for class certification, the parties shall file a joint proposed schedule for the remainder of the action which shall include proposed dates for trial, anticipated length of trial, and additional Daubert Motions.

(g) Any other matters counsel deems appropriate for inclusion in the Joint Scheduling Plan:

(i) Any motions to compel must be filed in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

(ii) Any motion to limit or exclude expert testimony pertinent to class certification issues shall be filed no later than **July 1, 2022** any memorandum in opposition will be filed by **July 29, 2022**, and any reply memorandum will be filed by **August 12, 2022**.

(iii) The deadline for Plaintiffs to file any motion pursuant to Federal Rule 23 for class certification will be **July 22, 2022,** any memorandum in opposition will be filed by **September 26, 2022** and any reply memorandum will be filed by **October 10, 2022**. The parties shall confer regarding the need for a hearing on any motion for class certification, and whether such hearing should be evidentiary, and propose mutually agreeable dates for such a hearing to the Court by no later than **October 14, 2022**.

**SO ORDERED.**

_____
Hon.

DATED:_____

**STIPULATED AS TO FORM
AND SUBSTANCE:**

Dated: April 9, 2021

*/s/ Katrina A. Hudson*
Blake A. Strode (MBE #68422MO)
Jacki J. Langum (MBE #58881MO)
Katrina Hudson (MBE #69576MO)
ARCHCITY DEFENDERS, INC.
440 North 4th Street, #390
Saint Louis, MO  63102
*Attorneys for Plaintiff*


*/s/ Vonne L. Karraker*
Vonne L. Karraker (MBE #56335MO)
MANLEY, KARRAKER & KARRAKER, P.C.
110 S. Jefferson Street, P.O. Box 454
Farmington, MO  63640
*Attorney for Plaintiff*


*/s/ Vincent Colianni, II*
Vincent Colianni, II (#768VI)
Marina Leonard (#R2058VI)
COLIANNI & COLIANNI, LLC
4001 Village Run Road.
Wexford, PA  15090
*Attorneys for Plaintiff*


*/s/ Kevin M. Carnie, Jr.*
Kevin M. Carnie, Jr. (MBE #60979MO)
John M. Simon (MBE #68393MO)
Patrick R. McPhail (MBE #70242MO)
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO  63101
*Attorneys for Plaintiff*


*/s/ William A. Hellmich*
William A. Hellmich, (MBE #31182MO)
Blake D. Hill, (MBE #58926MO)
HELLMICH, HILL & RETTER, LLC
1049 North Clay Avenue

Kirkwood, MO  63122
*Attorneys for Defendants*


*/s/ Ross D. McFerron*
Ross D. McFerron, (MBE #60047MO)
OSBURN, HINE & YATES, LLC
3071 Lexington Avenue
Cape Girardeau, MO 63701
*Attorney for Defendant St. Francois County*

 and

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode (MBE #31080MO)
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
*Attorney for Defendant ACH*